SCRIBNER *et al. v.* HENRY G. ALLEN Co.

BLACK *et al. v.* HENRY G. ALLEN Co.

(*Circuit Court, S. D. New York.* September 30, 1890.)

COPYRIGHT—FILING COPIES OF BOOK—INFRINGEMENT—PLEADING.

Rev. St. U. S. § 4956, allowing a person seeking a copyright to deliver at the office of the librarian of congress the copy of the title of the book and the two copies of the book which the statute requires to be deposited, and also permitting the deposit of such copies in the mail, addressed to such librarian, does not prevent both the delivery and mailing of the copies; and, where a complaint for infringement avers that both these acts were done, complainant will not be required to elect which averment he will undertake to prove at the trial, and to abandon the other. Distinguishing *Falk* v. *Howell,* 37 Fed. Rep. 202.

In Equity. On bill for injunction.

Motion to compel complainants to amend bill. For former report, see 42 Fed. Rep. 618.

  *Rowland Cox,* for complainants.

  *James A. Whitney,* for defendant.

LACOMBE, Circuit Judge. An essential feature of the copyright system is the deposit in the proper government office of a printed copy of the title, and also of two copies of the book or other article for which copyright is sought. It is made the duty of the person seeking a copyright to see to it that such deposits are made. The statute allows him to "deliver [such title and copies] at the office of the librarian of congress." It also allows him "to deposit [such title and copies] in the mail, addressed to the librarian of congress." One or other of these must be done, but there is nothing in the statute to prevent the author or proprietor from doing both. Section 4956. The bill of complainants alleges that in this case both were done. Defendant insists that this assertion is so "improbable" and "incredible" that it may be assumed to be false. Such a proposition is clearly unsound. One, who was anxious to be in a position to prove, at any time, compliance with the

statute might very well employ one person to deposit two copies in Washington, and another to mail two copies in New York, thus securing two independent witnesses to the fact of such compliance. It must be assumed, then, that both steps were taken in this case. The defendant's motion now is that—

"Complainants be directed to so amend their bill of complaint that it shall clearly and distinctly appear whether complainants allege that the title of the alleged copyright work was delivered to a postmaster, to be mailed to the librarian of congress, or whether complainants allege that such title was delivered at the office of the librarian of congress, and that all reference to the act which is not so alleged as the basis of complainants' copyright be stricken from the said bill of complaint; and that the court order and direct in like manner concerning the allegations regarding the delivery to a postmaster for mailing, or, as the case may be, the delivery at the office of the librarian of congress, of the two copies," etc.

Inasmuch as it now clearly and distinctly appears on the face of the complaint that both acts were done, and that neither was not done, the particular relief prayed for must be denied. The motion, however, may be treated as practically one to require the complainants to elect which averment they will undertake to prove on the trial, and to compel them to abandon the other. This should not be required of them. They have done what the statute allows them to do, and aver that they have done so. To deprive them at this stage of the right to make proof thereof on the trial would be unfair. If they should now elect to prove the mailing, their witness to that fact might die before the trial, and they might thus fail to establish their case, although still able, if their pleading permitted it, to make proof of the deposit. And the converse is equally true. The distinction between this case and *Falk* v. *Howell*, 37 Fed. Rep. 202, cited on the argument, is that in the latter case the complaint in substance averred that one act was done and one was not done, and at the same time failed to indicate which was the one that was done, and on the doing of which alone the complainant relied. It was therefore ambiguous, and tendered no issue. The bill now before the court is unambiguous, and distinctly and plainly tenders two issues. The motion is denied. Five days after order granted defendant to plead, answer, or demur.